UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANDREA R. BROWN,                                    :          ECF

                              Plaintiff,           :          CV 12-544 (CBA) (LB)

               - against -                          :

JPMORGAN CHASE BANK N.A.,                          :

                              Defendant.    :

-------------------------------------------------------------X


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(6)

**JPMORGAN CHASE LEGAL & COMPLIANCE DEPARTMENT**
Stacey L. Blecher, Esq.
Attorneys for Defendant
JPMorgan Chase Bank, N.A.
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3814
stacey.l.blecher@chase.com

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ............................................................................................. 1

PROCEDUAL BACKGROUND ....................................................................................... 2

ARGUMENT ............................................................................................................. 3

POINT I          STANDARD OF REVIEW ON A MOTION TO DISMISS ............................................ 3

POINT II         PLAINTIFF'S DISABILITY DISCRIMINATION AND RETALIATION CLAIMS UNDER
                 THE ADA ARE TIME-BARRED AND MUST BE DISMISSED .................................. 4

CONCLUSION .......................................................................................................... 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ANDREA R. BROWN,                              :
                                                                    ECF
                                  Plaintiff,         :
                                                                    CV 12-544 (CBA) (LB)
           -against-                                 :

JPMORGAN CHASE, N.A.,                         :

                                  Defendant.    :

----------------------------------------------------------------X

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
### ITS MOTION TO DISMISS PURSUANT TO FED. R.CIV. P. 12(b)(6)

#### Preliminary Statement

Defendant JPMorgan Chase Bank, N.A. (the "Bank"), erroneously named herein as JPMorgan Chase, N.A., respectfully submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b). The Bank seeks dismissal because the Complaint filed by Plaintiff Andrea R. Brown ("Plaintiff") sets forth disability discrimination and retaliation claims that are untimely. Accordingly, for the reasons set forth in this memorandum, the Bank's Motion to Dismiss the Complaint should be granted.

#### Statement of Facts

The facts set forth in this Statement of Facts are derived from Plaintiff's Charge of Discrimination and her Complaint and their truth is assumed solely for purposes of this motion.

Plaintiff was employed as a Remitting Process Specialist at the Bank's Metrotech location in Brooklyn, New York. Exhibit A to the Affidavit of Stacey L. Blecher, sworn to on March 29, 2012 ("Blecher Aff."). Her employment with the Bank was terminated on or about May 7, 2010. Id. To the extent the allegations in the Complaint can be unraveled, Plaintiff

appears to be claiming that she was not provided with reasonable accommodations following her return from a leave of absence to treat breast cancer and depression. Blecher Aff., Ex. E. She also appears to be alleging that she was terminated from her employment because of her disability. Id.

### Procedural Background

Upon information and belief, on or about April 11, 2011, Plaintiff dually filed a Charge of Discrimination ("Charge") on the basis of her alleged disabilities (identified in the Charge as "breast cancer in remission" and "severe depression") with the New York State Division of Human Rights ("NYSHRL") and the Equal Employment Opportunity Commission ("EEOC"). Blecher Aff., Ex. A.

On or about April 18, 2011, the EEOC issued a Dismissal and Notice of Rights ("Notice of Rights I") to Plaintiff, indicating that it was closing its file on the Charge because "[y]our charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Blecher Aff., Ex. B.

On or about September 12, 2011, the NYSDHR issued a Determination and Order After Investigation ("Determination") finding that there was no probable cause to believe that the Bank engaged in the unlawful discriminatory practice(s) alleged and that there was a lack of evidence to support Plaintiff's allegations of retaliation and disability discrimination. Blecher Aff., Ex. C. On or about November 4, 2011, the EEOC issued another Dismissal and Notice of Rights ("Notice of Rights II") to Plaintiff, adopting the findings of the NYSDHR that investigated her Charge. Blecher Aff., Ex. D.

On or about February 1, 2012, Plaintiff filed the instant Complaint with the United States Court for the Eastern District of New York, bringing claims for what is purportedly disability

discrimination and retaliation under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12112, et. seq. (the "ADA").  Blecher Aff., Ex. E.

## ARGUMENT

### I

### STANDARD OF REVIEW ON A MOTION TO DISMISS

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the District Court must "accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff."  Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).  "A complaint need only made 'allegations plausibly suggesting' that a plaintiff has a viable claim, as long as those allegations 'possess enough heft to sho[w] that the pleader is entitled to relief.'"  Williams v. Time Warner Inc., No. 10-1389-cv, 2011 WL 4470015, at *2 (2d Cir. Sept. 28, 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (alternation in original).

In ruling on the Bank's 12(b)(6) motion, "it is proper for this [C]ourt to consider [Plaintiff's] relevant filings with the EEOC," even though they may not all be attached to her Complaint, because the documents are integral to her Complaint.  Holowecki v. Federal Exp. Corp., 440 F.3d 558, 565-66 (2d Cir. 2006), aff'd, 552 U.S. 389, 128 S. Ct. 1147 (2008).  Here, the Bank submits the Blecher Affidavit and its attached documents (Plaintiff's Charge, the EEOC's Notice of Rights I and II, the NYSDHR's Determination and the instant Complaint) in order to demonstrate that Plaintiff's Complaint does not set forth any plausible claims.  Since Plaintiff was required by law to submit her discrimination/retaliation claims to the EEOC in a charge of discrimination filed within 300 days of the Bank's discriminatory/retaliatory conduct,

and then to file an action in this Court within 90 days of the dismissal of her Charge, documentation showing whether Plaintiff filed such charges in a timely manner are "integral" to Plaintiff's Complaint and can be considered by the Court. Holowecki, 440 F.3d at 565-66; Saunders v. Lupia, 07-CV-2408 (JFB), 2009 WL 2525135 *4 n.7 (E.D.N.Y. Aug. 17, 2009).

## II

### PLAINTIFF'S DISABILITY DISCRIMINATION AND RETALIATION CLAIMS UNDER THE ADA ARE TIME-BARRED AND MUST BE DISMISSED

Plaintiff's claims of disability discrimination/retaliation under the ADA are untimely and should be dismissed. As is clear from the Complaint and other documents properly before this Court, Plaintiff's employment with the Bank was terminated on or about May 7, 2010, she filed her Charge in or around April 11, 2011 and received a Notice of Rights I from the EEOC in April 2011 that concluded that the charge was untimely and that Plaintiff "waited too long after the date(s) of the alleged discrimination to file [her] charge."  Blecher Aff., Ex. B.  Thereafter, she received a Determination from the NYSDHR and another Notice of Rights II from the EEOC in November 2011.  Plaintiff then commenced this lawsuit in February 2012. Consistent with the EEOC's conclusion, this action should be dismissed because it is untimely.

Section 706 of Title VII sets forth an explicit pre-charge limitations period that requires a charge of discrimination to be filed within 300 days.  See 42 U.S.C. § 2000e-5(e)(1). Accordingly, in the Second Circuit, a plaintiff is barred from seeking relief for any conduct that occurred more than 300 days prior to the filing of the charge.  See id.  Plaintiff's claims under the ADA are subject to the same time limitations set forth in Section 706(e)(1).   See 42 U.S.C. § 12117(a) (providing that the procedures set forth in Section 706 apply to claims arising under the ADA); see also Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir.1998) ("[Section 706(e)(1)] functions as a statute of limitations in that discriminatory incidents not

timely charged before the EEOC will be time-barred upon the plaintiff's suit in district court.") (citations omitted).

Plaintiff, whose employment with the Bank terminated on or about May 7, 2010, filed her Charge with the EEOC on or about April 11, 2010. Blecher Aff., Ex. A. The EEOC issued a Notice of Rights I on or about April 18, 2011, Blecher Aff., Ex. B. The ADA claims asserted in that Charge (and this action), however, are not timely. Since the Charge that preceded this action was filed on April 11, 2011, it brought within the Court's jurisdiction only those actions allegedly taken by the Bank that took place within the preceding 300 days (approximately June 6, 2010). Since Plaintiff's employment with the Bank terminated on May 7, 2010, the alleged acts of discrimination/retaliation that occurred during Plaintiff's employment with the Bank do not fall within the scope of the April 2011 Charge.[1]

Moreover, disability discrimination/retaliation claims under the ADA must be brought within 90 days after a Dismissal and Notice of Right to Sue is received by a plaintiff. Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011). It is undisputed that Plaintiff received the Notice of Rights I in or about April 2011.[2] See ¶ 12 of Plaintiff's Complaint (Blecher Aff., Ex. E). She therefore had 90 days to bring her lawsuit (in or around July 2011), but she failed to bring the instant litigation until February 2012. Accordingly, Plaintiff's ADA claims are time-barred and should be dismissed.

---

[1]    To the extent that Plaintiff appears to claim that the Bank retaliated against her by opposing her application for unemployment insurance benefits in or around November/December 2010, while the allegations would have been timely brought in her Charge, her failure to file her lawsuit within 90 days of her receipt of the April 2011 Notice of Right to Sue I would bar her claim now as untimely. Moreover, the issue is moot, as Plaintiff received a favorable decision with respect to her unemployment insurance benefits in or around June 2011.

[2]    Plaintiff's receipt of the Notice of Rights II in November 2011 (adopting the Determination issued by the NYSDHR) would cure the timeliness of the filing of the instant litigation, but would not render her ADA claims timely as the Notice of Rights II pertained to the same Charge that Plaintiff filed in April 2011.

CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion dismissing the Complaint and award such other relief as this Court may deem just and proper.

Dated: April 2, 2012

**JPMORGAN CHASE LEGAL
AND COMPLIANCE DEPARTMENT**

By: _____

Stacey L. Blecher, Esq.
Attorneys for Defendant
One Chase Manhattan Plaza, Floor 26
New York, New York 10005
(212) 552-3814
Stacey.L.Blecher@Chase.com

To:   Andrea R. Brown, *Pro Se*
      47 Anderson Street, #2
      Fairview, New Jersey  07022
      (201) 238-4542

APPENDIX



Page 1

440 Fed.Appx. 7, 2011 WL 4470015 (C.A.2 (N.Y.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 440 Fed.Appx. 7, 2011 WL 4470015 (C.A.2 (N.Y.)))

**H**
This case was not selected for publication in the Federal Reporter.

United States Court of Appeals,
Second Circuit.
Téresa Hudson WILLIAMS, Plaintif–Appellant,
v.
TIME WARNER INC., and Lisa Quiroz, individually and in her official capacity, Defendants–Appellees.

No. 10–1389–cv.
Sept. 28, 2011.

**Background:** African-American former employee brought action against former employer and employer's officer, alleging discrimination under Title VII. Defendants moved to dismiss. The United States District Court for Southern District of New York, Sullivan, J., 2010 WL 846970, granted motion. Employee appealed.

**Holding:** The Court of Appeals held that employee failed to show that her termination was because of her race.

Affirmed.

West Headnotes

**[1] Federal Civil Procedure 170A ⊂⇒1832**

170A Federal Civil Procedure
  170AXI Dismissal
    170AXI(B) Involuntary Dismissal
      170AXI(B)5 Proceedings
        170Ak1827 Determination
          170Ak1832 k. Matters considered in general. Most Cited Cases
  Documentary materials that were not included in original complaint were neither incorporated by reference in, nor integral to, complaint, and thus district court committed no error in failing to con-

sider materials in deciding motion to dismiss for failure to state claim; complaint made only passing references to outside material and did not rely heavily upon terms and effect of outside materials. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[2] Civil Rights 78 ⊂⇒1122**

78 Civil Rights
  78II Employment Practices
    78k1122 k. Discharge or layoff. Most Cited Cases
  Corporate officer's alleged statement to colleague that African-American officer was "up in his face" lacked racial overtones, and thus failed to show that African-American officer's termination was because of her race, as required to support Title VII discrimination claim. Civil Rights Act of 1964, § 703(a), 42 U.S.C.A. § 2000e–2(a).

**[3] Civil Rights 78 ⊂⇒1532**

78 Civil Rights
  78IV Remedies Under Federal Employment Discrimination Statutes
    78k1532 k. Pleading. Most Cited Cases
  African-American former employee failed to plausibly allege Title VII retaliation claim against former employer, by merely providing a list of allegations of mistreatment by her employer and suggesting the weakest of reasons that she believed her rights had been violated. Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. § 2000e–3(a).

*8 Appeal from the United States District Court for Southern District of New York (Sullivan, J.).
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DE-CREED that the judgment of said District Court be and it hereby is AFFIRMED.Stacey M. Gray, New York, N.Y., for Plaintiff–Appellant.

Rachel G. Skaistis, Cravath, Swaine & Moore LLP, New York, N.Y., for Defendants–Appellees.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

440 Fed.Appx. 7, 2011 WL 4470015 (C.A.2 (N.Y.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 440 Fed.Appx. 7, 2011 WL 4470015 (C.A.2 (N.Y.)))

Present: ROSEMARY S. POOLER, RICHARD C. WESLEY and GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

**\*\*1** In 2009, Téresa Hudson Williams filed suit in the Southern District of New York against her former employer, Time Warner Inc., and Lisa Quiroz, the company's Senior Vice President of Corporate Responsibility. Williams claimed, among other things, that defendants violated her rights under Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination as well as retaliation against employees who complain about such discrimination. *See* 42 U.S.C. §§ 2000e–2(a), 2000e–3(a). The district court, however, granted a motion brought by defendants to dismiss Williams's complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim." Williams now appeals from the district court's order dismissing her lawsuit.

We review the district court's dismissal of Williams's complaint for "fail [ure] to state a claim ... *de novo.*" *Roth v. Jennings*, 489 F.3d 499, 509–10 (2d Cir.2007). We assume that the parties are familiar with the issues on appeal as well as the facts of the case. As such, we only provide some brief context for the allegations before turning to Williams's arguments.

On August 6, 2007, Williams, who is an African American woman, started a new job at Time Warner Inc. as the company's Vice President of Diversity and Multicultural Initiatives. On November 30, 2007, Williams alleges that she "shared her concerns" with an employee in Time Warner's human resources department "about management's's mistreatment of her, including **\*9** its "stereotyping her as an 'angry black woman.' " Six days after she made the complaint, she was fired.

[1] As a preliminary matter, Williams argues that the district court erred by failing to consider documentary materials that were not included in her original complaint. This Court has made clear that a district court, in deciding whether to dismiss a complaint under Rule 12(b)(6), "is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference." *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir.2002). In addition, this Court recognizes a narrow exception allowing a court to consider "a document upon which [the complaint] *solely* relies and which is *integral to the complaint.* " *Roth*, 489 F.3d at 509 (alteration in original) (internal quotation marks omitted).

A mere passing reference or even references, however, to a document outside of the complaint does not, on its own, incorporate the document into the complaint itself. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir.2004); *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir.1989). Furthermore, the outside materials are not "integral" to the complaint given that it does not "rel[y] heavily upon [their] terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) (internal quotation marks omitted).

**\*\*2** With that preliminary question aside, we turn to the substance of Williams's Title VII claims. The first issue is whether the district court erred in granting defendants' motion to dismiss her discrimination claim. The language of Federal Rule of Civil Procedure 8(a) requires nothing more than "a short and plain statement of the claim." A complaint need only make "allegations plausibly suggesting" that a plaintiff has a viable claim, as long as those allegations "possess enough heft to sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (alteration in original) (internal quotation marks omitted). The Supreme Court has written that Rule 8(a) "asks for more than a sheer possibility"—but something less than a "probability"—"that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quo-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

440 Fed.Appx. 7, 2011 WL 4470015 (C.A.2 (N.Y.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 440 Fed.Appx. 7, 2011 WL 4470015 (C.A.2 (N.Y.)))

tation mark omitted).

[2] In assessing claims of employment discrimination, this Court has made clear that there must be a causal connection between the discrimination and a plaintiff's race or gender—namely, that the plaintiff was discriminated against "*because of*" her race, gender, or other protected characteristic. *Patane v. Clark,* 508 F.3d 106, 112 (2d Cir.2007) (quoting *Leibovitz v. N.Y. City Transit Auth.,* 252 F.3d 179, 189 (2d Cir.2001)).

In this case, Williams fails to meet her burden, however minimal it may be. Williams alleges that Lisa Quiroz, a senior vice president at Time Warner, "claimed that" another vice president "complained that [Williams] was 'up in his face.' " The implicit argument in the complaint—and an argument now made explicitly on appeal—is that the phrase "up in his face" had racial overtones when it was said. But when it comes to language, context is key. Here, there simply is not enough of it to plausibly suggest that the comment was intended to have a racial sub-text.

[3] The retaliation claim presents a closer question. A central part of any retaliation claim is that the "employee must show ... that there was a causal connection between the protected activity and [any] adverse employment action." *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons,* 842 F.2d 590, 593 (2d Cir.1988). This Court has only required that a plaintiff provide *some* evidence *10 of causation—even circumstantial evidence that an adverse action taken by an employer followed shortly on the heels of a discrimination complaint—in order to establish a *prima facie* case. *See Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 110 (2d Cir.2010).

In addition to establishing causality, however, a "plaintiff must demonstrate a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *Manoharan,* 842 F.2d at 593 (internal quotation marks omitted). In this case, Williams's specific complaint "about manage-

ment's ... stereotyping her as an 'angry black woman' " plainly constitutes a claim that she faced discrimination in the workplace as a result of her race and gender. In dismissing Williams's case, however, the district court essentially concluded that the analysis of the sufficiency of a plaintiff's retaliation claim should mirror that of her discrimination claim. The court's implicit assumption seems to be that if one fails, the other must as well.

**3 In this appeal, however, we need not reach the question of whether a complaint that fails to allege a plausible discrimination claim could nonetheless allege facts that render it plausible that a plaintiff's *belief* in the viability of her discrimination claim was "reasonable." *Manoharan,* 842 F.2d at 593. Williams's complaint merely provides a list of allegations of mistreatment by her employer and suggests the weakest of reasons that she believed her rights had been violated. As such, her claim does not state a plausible retaliation claim and must therefore be dismissed.

Accordingly, the order of the district court granting defendants' motion to dismiss the case is AFFIRMED.

C.A.2 (N.Y.),2011.
Williams v. Time Warner Inc.
440 Fed.Appx. 7, 2011 WL 4470015 (C.A.2 (N.Y.))

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.



Page 1

Not Reported in F.Supp.2d, 2009 WL 2525135 (E.D.N.Y.)
**(Cite as: 2009 WL 2525135 (E.D.N.Y.))**

**C**

Only the Westlaw citation is currently available.

United States District Court,
E.D. New York.
Audrey J. SAUNDERS, Plaintiff,
v.
Donna LUPIA, Phyllis Libretti, Joyce Marto,
Joanne Bosco, and Christine Wood, Defendants.

No. 07–CV–2408 (JFB)(AKT).
Aug. 17, 2009.

West KeySummary**Civil Rights 78 ⟜1502**

78 Civil Rights
    78IV Remedies Under Federal Employment Dis-
crimination Statutes
        78k1502 k. Existence of Other Remedies;
Exclusivity. Most Cited Cases

**United States 393 ⟜36**

393 United States
    393I Government in General
        393k36 k. Appointment or Employment and
Tenure of Agents, Clerks, and Employees in Gener-
al. Most Cited Cases
    A federal employee failed to state a claim un-
der the Whistleblower Protection Act (WPA), as the
alleged injuries arose out of claims that she was
subjected to a hostile work environment and was
constructively discharged from the Internal Reven-
ue Service (IRS) due to race discrimination. The
employee's only avenue for seeking relief for em-
ployment discrimination and retaliation was
through a Title VII claim. Civil Rights Act of 1964,
§ 701 et seq., 42 U.S.C.A. § 2000e et seq.; Whis-
tleblower Protection Act of 1989, § 1 et seq., 103
Stat. 16 (WPA).

Audrey J. Saunders, pro se.

Benton J. Campbell, Esq., United States Attorney
for the Eastern District of New York by Robert B.

Kambic, Esq., Assistant United States Attorney for
the Eastern District New York, Central Islip, NY,
for defendants.

**MEMORANDUM AND ORDER**

JOSEPH F. BIANCO, District Judge.

    **\*1** Audrey J. Saunders, plaintiff *pro se*, brought
the instant case, alleging violation of her rights un-
der the Fourteenth Amendment of the Constitution
and the Whistleblower Protection Act of 1989 "in
conjunction with" the First Amendment of the Con-
stitution, related to events surrounding the condi-
tions of her employment with the Internal Revenue
Service ("IRS"). Defendants move to dismiss the
Complaint, pursuant to Federal Rules of Civil Pro-
cedure 12(b)(1) and 12(b)(6). For the reasons stated
below, the Court grants the defendants' motion, and
dismisses plaintiff's complaint.

A. Facts

    The following facts are taken from the com-
plaint ("Compl.") and are not findings of fact by the
Court, but rather are assumed to be true for the pur-
pose of deciding this motion, and are construed in a
light most favorable to plaintiff, the non-moving
party. *See Capobianco v. City of New York*, 422
F.3d 47, 50 (2d Cir.2005).

    On or about September of 2004, plaintiff, an
African–American female, was employed by the
IRS, and transferred from the IRS Service Center in
Cincinnati, Ohio to Holtsville, New York. (Compl.
p. 2.) [FN1] At the IRS, plaintiff's work consisted of
"processing applications received by telephone, by
fax, by mail, or over the internet." (*Id.*) Plaintiff al-
leges that, shortly after being transferred to Holts-
ville, she was subject to a hostile work environment
by Donna Lupia, her supervisor, Phyliss Libretti,
Lupia's supervisor, and three other managers,
Joanne Bosco, Christine Wood and Joyce Marto.
(Compl. pp. 2–3.) Plaintiff alleges that she was sub-
ject to continued harassment between September
2004 and her resignation on July 25, 2005. (Compl.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 2525135 (E.D.N.Y.)
**(Cite as: 2009 WL 2525135 (E.D.N.Y.))**

p. 2.)

> FN1. The complaint consisted of a com-
> pleted eight-page form given to *pro se*
> plaintiffs in the United States District
> Court for the Eastern District of Kentucky,
> where this action was initially filed. Cita-
> tions in this opinion to the complaint are
> made by page number, because the form
> does not include numbered paragraphs. In
> addition to the form, the plaintiff attached
> three additional pages to continue re-
> sponses from the form, which are cited as
> pages nine through eleven in this opinion.

Plaintiff decries being subject to three specific
"surprises" on July 1, 2005. (Compl. p. 2, 9.) First,
plaintiff alleges that Lupia's team at the Holtsville
Center had what she alternatively calls the
"Birthday Club" or "Sunshine Club," in which
members would make weekly donations into a com-
mon fund that would be used to pay for office birth-
day parties. (Compl. p. 3.) Plaintiff made it plain to
her supervisors and co-workers that she did not
want to participate in this arrangement, and refused
to pay dues. (*Id.*) Plaintiff voluntarily abstained
from eating any of the food that was provided at of-
fice birthday parties. (*Id.*) On July 1, 2005, plaintiff
was "angered and embarrassed" when, against her
explicit wishes, she received a "surprise" birthday
card from Lupia's team. (Compl. p. 9.)

Second, later on July 1, 2005, plaintiff was no-
tified by Bosco that she would be furloughed ef-
fective close of business. (*Id.*)

Plaintiff's third claimed "surprise" was that she
was presented with a letter on the same day that
provided her with notice that the IRS was consider-
ing terminating her for poor performance. (*Id.*) FN2

> FN2. Plaintiff attached a copy of this letter
> to the complaint, which is dated June 28,
> 2005, and includes a handwritten note
> signed by Marte, indicating that the letter
> was given to plaintiff on June 30, 2005. In

connection with a motion to dismiss under
Rule 12(b) (6), the Court generally may
consider "facts stated in ... documents at-
tached to the complaint as exhibits or in-
corporated by reference." *Nechis v. Oxford
Health Plans, Inc.*, 421 F.3d 96, 100 (2d
Cir.2005); *accord Kramer v. Time Warner
Inc.*, 937 F.2d 767, 773 (2d Cir.1991).
Thus, the Court considered this document.

Plaintiff asserts that her performance issues are
related to the fact that she was being monitored
"selectively," and was being "set up for failure." (
*Id.*) She felt "watched," which made her nervous,
and caused her to commit more mistakes on the job.
(*Id.*) Plaintiff also alleges that her relationship with
Lupia deteriorated over time because of opposing
viewpoints regarding job-related issues, as well as
retaliation for a complaint that she made to the
Equal Employment Opportunity ("EEO") Office.
FN3 Finally, plaintiff broadly asserts that she was
unable to function effectively at her job because of
race discrimination—alleging that her "ability to
function effectively in my position at Holtsville
was only exacerbated by the realization that Long
Island is the third most segregated community in
the entire United States." (Compl. p. 11.) (emphasis
omitted). Plaintiff notes that there was only one
other minority employed on Lupia's team, who did
not have performance issues despite having a "very
thick accent" and his language not being "fluent or
smooth." (*Id.*)

> FN3. Plaintiff's allegation regarding retali-
> ation based upon filing a grievance with
> the EEO was not part of the complaint, but
> included within one of her attachments to
> the complaint, in an undated letter entitled
> "Summary," which the Court has con-
> sidered.

**\*2** Plaintiff alleges that she was "coerced" into
resigning on July 29, 2005. (*Id.*)

B. Procedural History
On March 30, 2007, plaintiff filed the instant

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 2525135 (E.D.N.Y.)
**(Cite as: 2009 WL 2525135 (E.D.N.Y.))**

action in the United States District Court for the Eastern District of Kentucky. By Order dated June 8, 2007, the Honorable William O. Bertelsman ordered that the case be transferred to this court. The case was initially assigned within the Eastern District of New York to the Honorable Dora L. Irizarry on June 14, 2007, and reassigned to the undersigned on July 16, 2007. Defendants moved to dismiss the complaint on September 3, 2008. After granting three extensions to plaintiff to file an opposition, plaintiff filed a letter dated November 17, 2008, setting forth her opposition to the motion. By letter dated November 25, 2008, defendants notified the court that they were waiving their right to file a reply brief and intended to rest on their moving papers. Plaintiff has not made any further submissions in connection with the instant case to this Court. This matter is fully submitted.

## II. STANDARD OF REVIEW[FN4]

FN4. Although defendants, in addition to moving under Rule 12(b) (6), makes the motion under Rule 12(b)(1) for lack of subject matter jurisdiction on any Title VII claim asserted by plaintiff because it is time-barred, it is well-settled that the timing requisites of Title VII claims are not jurisdictional and, thus, subject to, among other things, equitable tolling. *See Downey v. Runyon,* 160 F.3d 139, 145 (2d Cir.1998) (" '[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.' ") (quoting *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)); *accord Daniel v. Long Island Housing P'ship, Inc.,* No. 08–CV–1455 (JFB), 2009 WL 702209, at *4 n. 2 (E.D.N.Y. Mar.13, 2009); *see also Harris v. Giant Eagle Inc.,* 133 Fed. Appx. 288, 292, 2005 WL 1313147, at *3 n. 1 (6th

Cir. May 27, 2005) ("The ninety-day requirement of § 2000e–5(f)(1) is not jurisdictional.") (citing *Seay v. TVA,* 339 F.3d 454, 469 (6th Cir.2003)); *Dashan, M.D. v. Okla.,* No. 08–CV–370 (TCK), 2008 WL 4899240, at *4 (N.D.Okla. Nov.12, 2008) ("Because timeliness of an EEOC charge is not a jurisdictional requirement, this aspect of the Motion to Dismiss is pursuant to Rule 12(b) (6).") Thus, the Court analyzes defendants' motion with respect to any Title VII claims under the Rule 12(b)(6) standard.

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir.2006); *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 100 (2d Cir.2005). The plaintiff must satisfy "a flexible 'plausibility standard.' " *Iqbal v. Hasty,* 490 F.3d 143, 157 (2d Cir.2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal,* setting forth a two-pronged approach for courts deciding a motion to dismiss. *See* 129 S.Ct. at 1937. The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 2525135 (E.D.N.Y.)
**(Cite as: 2009 WL 2525135 (E.D.N.Y.))**

Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting and citing *Twombly,* 550 U.S. at 556–57) (internal citations omitted).

**\*3** Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant,* "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se,* ... a court is obliged to construe his pleadings liberally.... This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings.... This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." 537 F.3d 185, 191 (2d Cir.2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.,* 287 F.3d 138, 146 (2d Cir.2002) (holding that when plaintiff is appearing *pro se,* the Court shall " 'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.' ") (quoting *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir.2000) (alterations in original)); *accord Sharpe v. Conole,* 386 F.3d 483, 484 (2d Cir.2004).

### III. DISCUSSION

According to the complaint, the *pro se* plaintiff seeks relief pursuant to: (1) the Fourteenth Amendment to the United States Constitution; and (2) the Whistleblower Protection Act of 1989 "in conjunction with" the First Amendment of the Constitution. Plaintiff's injuries, however, arise out of her claims that she was subject to a hostile work environment

and constructively discharged from her employment at the IRS Service Center in Holtsville, New York, because of race discrimination and retaliation for filing a complaint with the EEO.

These two causes of action must be dismissed because it is well-settled that as a federal employee, plaintiff may only seek relief for employment discrimination and retaliation solely through a Title VII claim. *Luckett v. Bure,* 290 F.3d 493, 497 (2d Cir.2002) ("Title VII of the Civil Rights Act of 1964, as amended, 42 U .S.C. § 2000e *et seq.,* is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex, or national origin."); *accord Briones v. Runyon,* 101 F.3d 287, 289 (2d Cir.1996); *Smith v. Potter,* No. 07–CV–1787 (JG), 2008 WL 4371364, at \*4 (E.D.N.Y. Sept.19, 2008) ("As a federal employee, [plaintiff] may only seek relief for employment discrimination and retaliation solely through Title VII.").

However, in an abundance of caution, because this court construes the *pro se* complaint broadly to assert the strongest arguments that it may suggest, *Sealed Plaintiff,* 537 F.3d at 191, the court proceeds to consider plaintiff's allegations as if she properly pled them under Title VII.[FN5]

> FN5. The Civil Service Reform Act of 1978 ("CSRA") provides an alternative avenue for federal employees to bring a "mixed" cause of action involving prohibited discrimination and nondiscriminatory claims under the CSRA. *See Fernandez v. Chertoff,* 471 F.3d 45, 53 (2d Cir.2006) (aggrieved federal employee can bring claims under CSRA for "mixed" claims involving prohibited discrimination and nondiscrimination claims under the CSRA); *see also Marro v. Nicholson,* No. 06–CV–6644 (JFB), 2008 WL 699506, at \*5 (E.D.N.Y. Mar.12, 2008). To the extent that plaintiff intended to state a claim under the CSRA, as amended by the Whistleblower Protection Act of 1989, the

Not Reported in F.Supp.2d, 2009 WL 2525135 (E.D.N.Y.)
(Cite as: 2009 WL 2525135 (E.D.N.Y.))

Court is required to dismiss that cause of action for failure to exhaust administrative remedies, because this case does not involve an appealable final decision of the Merit Systems Protection Board ("MSPB"). *Blaney v. United States,* 34 F.3d 509, 512 (7th Cir.1994) (affirming dismissal of mixed cause of action under CSRA and Title VII for failure to exhaust administrative remedies where there was no final appealable MSPB decision); *accord Ghaly v. United States Dep't of Agric.,* 228 F.Supp.2d 283, 288 (S.D.N.Y.2002).

As a threshold matter, plaintiff's Title VII claims against the defendants, who are all individuals employed at the IRS, must be dismissed because it is well-established that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir.1995), *abrogated on other grounds, Burlington Indus. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); *see also Wrighten v. Glowski,* 232 F.3d 119, 120 (2d Cir.2000) (affirming dismissal of Title VII claims against individual defendants, "because individuals are not subject to liability under Title VII"); *Everson v. N.Y. City Transit Auth.,* No. 02–CV–1121 (ENV), 2007 WL 539159, at *18 (E.D.N.Y. Feb.16, 2007) (dismissing Title VII claims against individual supervisor defendants); *Copeland v. Rosen,* 38 F.Supp.2d 298, 302 (S.D.N.Y.1999) ("[I]ndividual employees may not be held personally liable under Title VII, even if they are supervisory personnel with the power to hire and fire other employees.").

**\*4** The result would be the same, assuming *arguendo* that the plaintiff had named the proper party as defendant in making her allegations for employment discrimination under Title VII,[FN6] because plaintiff has failed to exhaust available administrative remedies. *Mathirampuzha v. Potter,* 548 F.3d 70, 74 (2d Cir.2008) ("Prior to bringing

suit under ... Title VII .., a federal government employee must timely exhaust the administrative remedies at his disposal."). EEOC regulations establish the applicable administrative procedures that a federal employee must exhaust prior to filing a civil action under Title VII in federal court, which include, *inter alia,* that a federal employee:

> FN6. Under Title VII, the proper defendant in a civil action would be the Commissioner of the IRS. 42 U.S.C. § 2000e–16(c) ("[T]he head of the department, agency, or unit, as appropriate, shall be the defendant.")

(1) consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act, *see* 29 C.F.R. § 1614.105(a)(1), and, if the matter is not resolved after a mandatory counseling period, (2) file a formal written administrative complaint ("EEO complaint") within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint ("EEO notice"), *see id.* § 1614.106(a), (b). The employee may then file a civil action (i) within 90 days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.408(a), (b). *Belgrave v. Pena,* 254 F.3d 384, 386 (2d Cir.2001). These statutory filing periods are "analogous to [ ] statute[s] of limitations," *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 712 (2d Cir.1996), and as such "a failure to timely file a charge acts as a bar to a plaintiff's action." *See Nat'l R.R. Passenger Corp. (AMTRAK) v. Morgan,* 536 U.S. 101, 108, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) ("In the context of a request to alter the timely filing requirements of Title VII, this Court has stated that 'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.' ")

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 2525135 (E.D.N.Y.)
**(Cite as: 2009 WL 2525135 (E.D.N.Y.))**

(quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980)).

Here, plaintiff successfully completed the first step of the administrative process, by engaging an EEO counselor on or about April 2005, concerning allegations of discrimination. After this consultation, plaintiff received the EEO notice, dated May 18, 2005, which plainly notified her that she had fifteen days from receipt to file a formal complaint of discrimination.[FN7]

> FN7. According to the first paragraph of the EEO Notice: "This is to inform you that because the matter(s) you brought to my attention has/have not been resolved to your satisfaction, you are not entitled to file a discrimination complaint. If you wish to pursue this matter further, and file a formal complaint of discrimination, it must be in writing, signed, and filed, in person or by mail within 15 CALENDAR DAYS AFTER RECEIPT OF THIS NOTICE." (Declaration of AUSA Robert B. Kambic, dated Sept. 3, 2008, ¶ 4 & Ex. B) (emphasis in original). The Court may consider this EEO document as integral to plaintiff's Title VII claim without converting the motion into a motion for summary judgment. *See, e.g., Bethea v. Equinox Fitness Club,* No. 07–CV–2018 (JSR), 2007 WL 1821103 at * 1 (S.D.N.Y. June 21, 2007) (proper to rely on EEOC documents in considering motion to dismiss, even if not attached to complaint because plaintiffs rely on these documents to satisfy Title VII's time limit requirements) (citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir.1995) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in decid-

ing the defendant's motion to dismiss, without converting the proceeding to one for summary judgment.")).

It is undisputed that plaintiff did not file such a formal complaint, within fifteen days of receiving the EEO notice, or at anytime thereafter. Thus, failure to comply with this requirement, established by 29 C.F.R. § 1614.106(a), (b), would require dismissal of this complaint, even against the proper defendant. *See, e.g., Lamb v. Potter,* No. 08–CV–0477 (NRB), 2008 WL 3539945, at *3 (S.D.N.Y. Aug.12, 2008) (dismissing Title VII claims because plaintiff failed to file a formal complaint within applicable 15–day period); *accord Jones v. Gonzalez,* No. 05–CV–1387 (SLT), 2007 WL 853470, at *6 (E.D.N.Y. Mar.19, 2007) (*pro se*); *Belgrave v. Pena,* No. 98–CV–2517 (DAB), 2000 WL 1290592, at *6 (S.D.N.Y. Sept.13, 2000), *aff'd,* 254 F.3d 384 (2d Cir.2001).[FN8]

> FN8. To the extent that the plaintiff's cause of action arises from any discriminatory acts which occurred after she filed a grievance with the EEO counselor in April 2005 which resulted in the May 18, 2005 EEO notice, there is no allegation that plaintiff pursued any administrative remedies with respect to such discriminatory acts and, therefore, any cause of action with respect to those allegations also must be dismissed.

**\*5** However, as noted *supra,* the 15–day time limit on filing a formal complaint is treated as a limitations period subject to equitable tolling. Such deadline may be equitably tolled in "rare and exceptional circumstance[s]," *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000) (internal quotation marks omitted), in which a party is "prevented in some extraordinary way from exercising [her] rights," *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996) (internal quotation marks and alteration omitted); *see also Zerilli–Edelglass v. N.Y.C. Transit Auth.,* 333 F.3d 74, 80 (2d Cir.2003); *Daniel,* 2009 WL 702209, at *7. "When determining whether equit-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 2525135 (E.D.N.Y.)
**(Cite as: 2009 WL 2525135 (E.D.N.Y.))**

able tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.' " *Zerilli–Edelglass,* 333 F.3d at 80–81 (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir.2002)); *see also South v. Saab Cars USA, Inc.,* 28 F.3d 9, 12 (2d Cir.1994) (noting that the principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect") (citation and quotation marks omitted). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling ... lies with the plaintiff." *Boos v. Runyon,* 201 F.3d 178, 184–85 (2d Cir.2000); *Smith v. Chase Manhattan Bank,* No. 97–CV–4507 (LMM), 1998 WL 642930, at *3 (S.D.N.Y. Sept.18, 1998) ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted.").

In the instant case, the Court finds that the plaintiff did not show that there is any sound basis for equitable tolling in connection with her failure to file a formal complaint within fifteen days of receiving the EEO notice. In her letter opposing defendants' motion, plaintiff acknowledges that she has never filed such a complaint, based on her belief that such a filing would not effectively resolve her complaints.[FN9] This case does not fall within one of the paradigmatic situations found to constitute an "extraordinary" circumstance, such as where an individual reasonably relies on erroneous information given to him by an administrative agency regarding a Title VII time limit. *See, e.g., Carlyle Towers Condo., Ass'n, Inc. v. FDIC,* 170 F.3d 301, 310 (2d Cir.1999); *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 146, 147 (2d Cir.1984); *Cordero v. Heyman,* No. 97–CV–0435 (JGK), 1998 WL 730558 (S.D.N.Y. Oct.19, 1998) (granting equitable tolling for *pro se* plaintiff where she provided formal complaint within 15–day period to

defendant's EEO counselor at counselor's request, where counselor agreed to forward formal complaint to appropriate officials). Plaintiff has not made any allegation that extenuating circumstances prevented her from complying with the clear deadline. *Jafri v. Rosenfeld,* No. 04–CV–2457, 2005 WL 991784, at *6–7 (S.D.N.Y. Apr. 26, 2000) (refusing to waive the time limit where plaintiff did not argue or show "that extenuating circumstances prevented him from complying" and declining to equitably toll the time limit where the plaintiff did not show that his failure to comply with the time limit "was anyone else's fault").

> FN9. According to plaintiff's letter, "An EEOC complaint would be essentially an 'internal investigation'. What bureaucracy—i.e., federal, state, local, or even private has been able to successfully 'police' itself without a hint of partiality or impropriety? The EEOC and management at the Internal Revenue Service appear to be essentially 'horns on the same goat.' " (Pl.'s Opp. Mem. at 8.)

**\*6** Plaintiff was given a simple direction regarding this obligation, noted in plain bold lettering on the one page EEO notice, and simply refused to comply. Her excuse for defiance—essentially that such a complaint would be futile—does not constitute a legitimate basis for equitable tolling of the administrative filing deadlines, which were enacted to allow the federal government to efficiently investigate and potentially address discrimination complaints prior to the expense of dealing with civil litigation. *See, e.g., Frederique–Alexandre v. Dep't of Nat. and Env. Resources of the Commonwealth of Puerto Rico,* 478 F.3d 433, 440 (1st Cir.2007) (holding that alleged futility in pursuing Title VII administrative exhaustion requirements is not sufficient to excuse failure to meet deadlines under "narrow" equitable tolling doctrine). Although plaintiff may have believed that filing a complaint was not a channel that would provide her with the relief for her discrimination complaints

Not Reported in F.Supp.2d, 2009 WL 2525135 (E.D.N.Y.)
**(Cite as: 2009 WL 2525135 (E.D.N.Y.))**

that she desired, doing so would have preserved her right to pursue a civil action in this Court in relatively short order—either 90 days after an adverse decision by the agency, or after 180 days from filing the formal complaint, if no action was taken. 42 U.S.C. § 2000e–16(c).

Accordingly, even if the *pro se* plaintiff had properly pled her discrimination complaints against the proper defendants under Title VII, this Court would still be compelled to dismiss the complaint for failure to properly and timely exhaust her administrative remedies.

### IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint is GRANTED and the complaint is dismissed, with prejudice. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

E.D.N.Y.,2009.
Saunders v. Lupia
Not Reported in F.Supp.2d, 2009 WL 2525135 (E.D.N.Y.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.